SETTLE et al. v. HARGADINE–McKITTRICK DRY–GOODS CO.

(Circuit Court of Appeals, Fifth Circuit. December 31, 1894.)

No. 322.

PARTNERSHIP—POWER OF ONE PARTNER TO MORTGAGE.
 It is within the power of one member of a partnership, acting in good faith, to make a valid chattel mortgage of all the partnership property, to secure partnership indebtedness.

In Error to the Circuit Court of the United States for the Eastern District of Texas.

This was a suit by the Hargadine-McKittrick Dry-Goods Company against George M. Settle and others to set aside a chattel mortgage. The circuit court gave judgment for the plaintiff. Defendants bring error.

H. D. McDonald and E. S. Connor, for plaintiffs in error.
James G. Dudley, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and BRUCE, District Judge.

McCORMICK, Circuit Judge. The only question necessary to be considered in this case is whether one partner can execute a valid chattel mortgage on all of the partnership property to secure partnership indebtedness. This case was tried in the circuit court without a jury, and the judge to whom it was submitted answered the question just stated as follows:

"I find, as a matter of law, that as W. J. Ritchie had no express authority from his partner, J. A. Carter, to execute the instrument of writing in evi-

dence in this cause, under the law of partnerships, where each partner acts as agent of the other partner within the scope of the partnership business; he had no implied authority or power to execute such instrument, and, without the assent of his partner, to transfer and convey all of the partnership property, of every description, placing same in the possession of a third party as trustee, to dispose of same absolutely, and out of the proceeds to pay certain preferred creditors, thereby immediately putting an end to the partnership, and breaking up the partnership business."

The property conveyed in the mortgage was personal property, to wit:

"All of our stock of goods, consisting of dry goods, boots, shoes, clothing, hats, caps, notions, etc., also all the counters, shelving, and other fixtures, in the storehouse now occupied by us, also one iron safe; all of said goods being situated in the storehouse belonging to Mrs. Eliza Gibson, on the east side of the public square, in Paris, Lamar county, Texas, now occupied by us as a dry-goods and clothing store; and we hereby also transfer and assign to the said Geo. M. Settle, as trustee, all the notes and accounts now due to us, also one bale of cotton at J. B. Anderson's gin. This conveyance is intended as a chattel mortgage to secure the payment in full of all the above-named debts; and we hereby deliver the immediate possession of all said above-named personal property to the said Geo. M. Settle, and he is hereby authorized and empowered to take the same into his possession, and proceed to sell the same at public or private sale, by retail, in lots, or in bulk, as to him may seem best, within three months from this date, and the proceeds of the same to apply to the payment of all the above-named debts, after paying all the expenses of executing this trust, including a commission of five per cent. to himself, as compensation for his services, and a reasonable amount for attorney's fees and counsel, and the residue, if any, he shall hold subject to our order. And the said Geo. M. Settle is hereby authorized and empowered to collect and to sell all of said notes and accounts at public sale or private sale, with or without notice, and to transfer and assign the same to the purchaser or purchasers thereof, and the proceeds of the said sale to apply to the payment of all of said above-named debts."

This is a chattel mortgage in Texas. It was executed in the name of the firm by one only of its members. The debts secured were partnership debts. There is no suspicion of fraudulent action or intent as to the other partners, or as to unpreferred creditors, beyond the mere fact of preference. We cannot concur in the conclusion of law announced and acted on by the circuit court. We do not deem it useful to review the authorities on the question. To our minds they support but one conclusion. The reasoning in support of the power of one partner to make such a mortgage has, perhaps, never been more clearly and forcibly stated than by Judge Marshall in Anderson v. Tompkins, 1 Brock. 456, Fed. Cas. No. 365, and by Judge Shaw in Tapley v. Butterfield, 1 Metc. (Mass.) 515. With these all subsequent decisions substantially agree. Any apparent departure is due either to local statutes or to the presence of some element of actual fraud. The statutes and decisions in Texas have not modified the doctrine, and no element of actual fraud is present in this case. As the judgment of the circuit court was evidently based on the erroneous view of the law indicated, we do not notice the other points suggested in the interesting brief submitted for the defendant in error.

The judgment of the circuit court is reversed, and the case remanded to that court, with direction to award a new trial.